[Civ. No. 20985. First Dist., Div. Three. Oct. 18, 1963.]

M. E. LORTZ et al, Plaintiffs and Appellants, v. BRYCE SWARTFAGER et al., Defendants and Respondents.

McKenzie, Arata & Murphy and Gordon McKenzie for Plaintiffs and Appellants.

Lounibos & Lounibos and Leroy J. Lounibos for Defendants and Respondents.

DRAPER, P. J.—Plaintiff appeals from judgment for defendant in this action for cancellation of instruments.

In April 1958, plaintiff sought loans from defendant Swartfager and Frank Stevenson. He deeded to Swartfager property owned by plaintiff in Kansas, and thereafter received some $1,300 in loans. In July, an agreement was executed by which: Swartfager acknowledged that the deed to him was given as security only; he and Stevenson extended plaintiff's time to repay them; plaintiff acknowledged that General Logging Co., Inc. (in which he held a one-third interest) owed $25,000 to defendant Stevenson Equipment Co., Inc., on open account, guaranteed its payment, and agreed that the deed should secure that guaranty. The agreement also recited indebtedness of General Logging on conditional sales contracts. In October, General Logging wanted to buy another piece of equipment from Stevenson Equipment, and to obtain credit for repair work to be done. The July agreement was then amended to increase plaintiff's guaranty from $25,000 to $35,000.

In November 1959, Stevenson Equipment repossessed the vehicles it had sold to General on conditional sales contracts, and General ceased operations. Stevenson Equipment never has sued upon General's open account with it and neither Swartfager nor Frank Stevenson has sued for the amounts loaned to plaintiff.

The complaint sought cancellation of the deed and both agreements, on the ground that they were obtained by misuse

of a confidential relationship, and the further ground that all were without consideration. Plaintiff now concedes that the evidence, though conflicting, supports the findings against him on the first issue. On this appeal, he argues that the record shows that there was no consideration for any of the documents.

But plaintiff did receive loans from Swartfager and Stevenson as consideration for deeding the Kansas property as security. General Logging did receive, as consideration for the July agreement, an extension of time to pay its open account to Stevenson Equipment. That benefit was not frustrated by the November repossessions, since the extension specifically was limited to the open account, and as to that account was honored. Two considerations are shown for the October agreement. Stevenson Equipment did sell another piece of equipment to General thereafter, and the fact that the transfer was by conditional sale does not negate the effectiveness of the increased guaranty of the open account as consideration therefor. Also, additional repair work was performed, on credit, after the October increase of guaranty.

Plaintiff mistakenly assumes a finding that he owed Swartfager $3,000 in 1958. The finding is only that an unspecified amount was owed, and he concedes some indebtedness.

The finding that General owed $25,000 to Stevenson Equipment in 1958 is in accord with the written acknowledgement of plaintiff. No issue of accounting was presented or determined, and the finding does not purport, and cannot be construed, to determine that any amount is now due. Thus plaintiff's fear of res judicata is without basis.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.